**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

LORENZO THOMAS,                          *
                                         *
                    Plaintiff,           *
v.                                       *
                                         *        No. 2:14CV00123-JJV (LEAD)
CAROLYN W. COLVIN, Acting                *        No. 2:14CV00143-JJV (CONSOL)
Commissioner, Social Security            *        No. 2:15CV00008-JJV (CONSOL)
Administration,                          *
                                         *
                    Defendant.           *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Lorenzo Thomas, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for supplemental security income benefits under Title XVI of the Social Security Act.  On April 7, 2015, the Court held oral argument at Plaintiff's request.  Greg Wallace, Esquire, appeared by telephone for Mr. Thomas.  Special Assistant United States Attorney Una McGeehan appeared by telephone for the Commissioner.  The attorneys are commended for their diligence in this matter and excellent representation of their respective clients.

Both sides have presented compelling arguments in their briefs and at oral argument.  For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.      BACKGROUND**

On June 20, 2012, Plaintiff protectively filed for benefits due to fluid around heart and lungs, shortness of breath, left side pain, and high blood pressure.  (Tr. 269)  His claims were denied initially and upon reconsideration.  At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on July 17, 2013, where Plaintiff appeared with his lawyer, and testified. (Tr. 75-91)

The ALJ issued a decision on September 11, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 61-69) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Plaintiff, who was fifty-three years old at the time of the hearing, has past relevant work experience in janitorial services. (Tr. 78, 264)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 8, 2012, and he had the following severe impairment: cardiomyopathy. (Tr. 63-64) However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 12) According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to do light work, except he is limited to occasional climbing ramps/stairs, balancing, kneeling, crouching, crawling, and stooping. He must avoid poor ventilation and protracted exposure to concentrations of fumes, odors, dust, gases, and any other pulmonary irritants. (Tr. 64) The VE testified that the jobs available with these limitations were dispatcher and walker. (Tr. 82) Accordingly, the ALJ determined that Plaintiff could perform a significant number of other jobs existing in the national economy, and found he was not disabled.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

### III.    ANALYSIS

#### A.    Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

#### B.    Substantial Evidence

Plaintiff asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, Plaintiff contends that the ALJ (1) erred by doing a credibility analysis based "solely on the medical evidence"; and (2) erroneously relied on Dr. Dooley's opinion.  (Doc. No. 12)

##### 1.    Credibility Analysis

Plaintiff contends that the ALJ erroneously "discredited [him] solely because [his] testimony was not supported by the medical evidence."  (*Id.*).  As Plaintiff points out, an ALJ "may not discount a claimant's subjective complaints solely because the objective medical evidence does not

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

fully support them." (Doc. No. 12) However, as the Commissioner counters, an ALJ "may disbelieve subjective complaints if there are inconsistencies in the evidence as a whole."[6]

As was discussed at oral argument, the Court is always reluctant to go behind the ALJ's credibility assessment because the ALJ is in the best position to make this determination. However, in this case, it is extremely difficult to discern what the ALJ found to be not credible. Clearly the ALJ found Plaintiff to be not fully credible. (Tr. 65.) However, after performing a close review of his opinion, the Court cannot conclude his credibility assessment is supported by substantial evidence. The opinion fails to adequately address the *Polaski*[7] factors such as the claimant's daily activities, the duration, frequency and intensity of the pain, dosage, effectiveness, and side effects of medication, precipitating and aggravating factors, and functional restrictions.

Although the Commissioner's counsel has done a very good job trying to rehabilitate the ALJ's opinion, the Court is bound to review the decision as written. (Tr. 61-69.) And the Court finds the decision fails to adequately address Plaintiff's credibility through examination of the *Polaski* factors.

2.    Dr. Dooley's Opinion

Plaintiff believes the ALJ gave too much weight to the opinions of consulting physician, Adam C. Dooley, M.D. (Tr. 511-516) (Pl.'s Br. 12-14.) The ALJ gave significant weight to Dr. Dooley but obviously found some fault in his assessment because the ALJ did not fully credit his opinion. (Tr. 67.) Therefore, the Court concludes that this case would be well served to have the Commissioner reevaluate Dr. Dooley's opinion based on the overall medical evidence. Plaintiff is

---

[6]*Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014) (quoting *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005).).

[7]*Polaski v. Heckler*, 739 F.2d 1320, 1320-22 (8th Cir. 1984).

reminded it is his burden to prove disability.  So Plaintiff should ensure all consulting examiners have the necessary medical records for an accurate assessment.

## IV.     CONCLUSION

Accordingly, the ruling of the Commissioner must be reversed and the matter remanded because the decision of the Commissioner is not supported by substantial evidence.  On remand, the Social Security Administration should reevaluate Plaintiff's credibility utilizing the *Polaski* factors and reevaluate the findings of Dr. Dooley or order a new consultative examination.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 9th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE